UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

**TRACY ANDREWS, an individual,**

    **Plaintiff, individually and on behalf
of all other persons similarly situated,**

**vs.**

**AMERIHOME MORTGAGE COMPANY
LLC,**

    **Defendant.**

**CASE NO:  4:21-cv-00156**

**JURY TRIAL DEMANDED**

## CLASS ACTION  COMPLAINT

Plaintiff, Tracy Andrews (Andrews or Plaintiff), individually and on behalf of all other persons similarly situated, for his complaint against Amerihome Mortgage Company (Amerihome or Defendant) alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.  This action arises under the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (FCCPA), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Plaintiff brings both individual and class causes of action.

2.  This case involves repeat violations of the aforesaid statutes by Defendant Amerihome. Plaintiff is the subject of a foreclosure action filed by Defendant, Case No. 2020 CA 69, Circuit Court of the Second Judicial Circuit, in and for Leon County.

3.  Amerihome is one of the largest mortgage companies in the United States with over 400,000 customers.

1

4.  The foreclosure action was initiated against Plaintiff on January 10, 2020.

5.  On or about December 10, 2020, Plaintiff through his attorneys, faxed a letter to SLS stating in relevant part:

> **You are hereby advised to cease all contacts with our clients immediately. Please direct your responses and all future correspondence solely to this office …**
> **I hereby revoke any prior consent I may have given to call me on any/all of my phone numbers on record.**

See letter attached as **Exhibit A** hereto.

6.  Notwithstanding the clear direction of the letter, SLS proceeded to call and harass Plaintiff thereafter with almost twenty calls in less than thirty days to his cell phone number ending 8928 in violation of the aforesaid statutes.

7.  Amerihome left at least five pre-recorded messages on Plaintiff's cell phone, These messages were all as follows:

> This is an important message from Amerihome.  Please contact our office as soon as possible at 855 479-1822.   Again that number is 855 479-1822. Thank you.

8.  Screenshots from Plaintiff's cellular telephone show that just in the period from January 8, 2021 to February 3, 2021, eighteen calls were made to Plaintiff's cell phone from Amerihome's number of 855 479-1822.

9.  Courts have held that these type of pre-recorded calls to a cell phone where consent has been revoked and do not call request has been made violate the FCCPA and TCPA.  Further, Plaintiff's cell phone number has been registered on the National Do Not Call List (DNC) since February 8, 2018.  That fact also gives rise to a TCPA claim.

10.  Screen shorts showing the calls to Plaintiff's cell phone from Amerihome are set forth below.

2





## PARTIES

11.  Plaintiff is an individual residing in Leon County, Florida.

12.  Defendant Amerihome is a foreign limited liability company headquartered in California engaged in business and under the laws of the State of Florida.

## JURISDICTION AND VENUE

13.  This Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28. U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant removed this action from state court and does not contest the jurisdiction of this Court.

14.  Venue is proper in this District under 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to the claim occurred here and because Defendant regularly transacts business in this District.

## FCCPA AND TCPA STATUTORY STRUCTURE

15.  The FCCPA is a state consumer protection statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)

16.  The FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).  Fla. Stat. § 559.55(2).

17.  The FCCPA prohibits a person from collecting consumer debt by communicating with the consumer if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the

debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.  *See* Fla. Stat. § 559.72(18).

18.     Unlawful communications under the FCCPA do <u>not</u> require that a call be answered. In *Brown v. Flagstar Bancorp, Inc.,* 2014 U.S. Dist. LEXIS 13084 at **5-6, the court rejected the argument that a claim under the FCCPA (M.D. Fl. February 3, 2014) requires that a call be answered.  *See also Bresko v. M & T Bank Corp.*, 2013 U.S. Dist. LEXIS 135836 at * 5 (M.D. Fl. Sept. 23, 2013).

19.     The background of the TCPA is that Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at (5) and (12).

20.   Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

21.   Further, TCPA regulations require that entities maintain internal do not call lists.  47 C.F.R. § 64.1200(d).  Persons who request that calls cease have a private right of action if they receive more than one telephone solicitation within a year.   Similarly, the TCPA prohibits more two or more calls in a twelve month period to a phone number registered on the DNC list.  As noted, Plaintiff registered his cell phone on the national DNC list.

22.   The unlawful act under the TCPA is the making or initiation of the prohibited call. Courts have held that a plaintiff may assert a TCPA violation for unanswered calls.   *See e.g.*

*Fillichio v. M.R.S. Assocs., Inc.,* 2010 U.S. Dist. LEXIS 112780 at ** 7-8 (S.D. Fl. October 19, 2010).

23.   Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id* at § 227(b)(3)(C).

## **GENERAL ALLEGATIONS**

24.   At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

25.   At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

26.   At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts.

27.   At all material times herein, Defendant collects or attempts to collect—directly or indirectly—debts owed or due to another, or asserted to be owed or due to another.

28.   At all times material herein, Defendant attempted to collect an alleged debt due from Plaintiff, specifically a mortgage loan (hereinafter, "Debt").

29.   At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. § 559.55(5); *see also Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

30.   At all material times herein, Defendant acted itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

31.   At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal,

household, or family use.

32.  Any necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

33.  Plaintiff purchased property by obtaining a mortgage on August 30, 2018 and signing Promissory Note on the same date.

34.  Plaintiff stopped paying on the mortgage and note obligations.

35.  Subsequently, Defendant obtained servicing of the loan.

36.  On January 10, 2020, Defendant filed a foreclosure action against Plaintiff.

37.  Plaintiff's Counsel filed a Notice of Appearance in the Foreclosure case.

38.  On or around December 10, 2020, Plaintiff's counsel faxed a letter to Defendant that it cease contact with Plaintiff.

39.  Regardless, Defendant continued to call multiple times

40.   Defendant's telephone calls were made to Plaintiff's cellular telephone numbers ending in 8928 (Cellular Telephone) using  an artificial or pre-recorded voice (hereinafter, "APV").

41.  Plaintiff is the owner, regular user, and possessor of the Cellular Telephone with the assigned number ending 8928.

42.  At no time herein did Defendant possess Plaintiff's prior express consent to call his Cellular Telephone using an APV.

43.  Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a

8

PTDS, or an APV.

44.   Regardless, even if Defendant contends there was consent, that consent was revoked by the cease and desist that was sent.

45.   Further, Defendant is required under TCPA regulations to maintain an internal do not call list.  47 C.F.R. § 64.1200(d).  After SLS received the December 10, 2020 letter from Plaintiff's counsel, it was required to put Plaintiff's phone number on its internal do not call list and cease all further calls no more than 30 days thereafter.  It failed to do so.  Calls continued unabated thereafter.  These calls were telephone solicitations of offers of mortgage relief services and assistance as well as debt collection calls.  Thus, the calls violate the internal do not call regulations as telephone solicitations, the national DNC list rules and the rules on pre-recorded voice messages.

46.   The initiation of the calls violated the aforesaid statutes and Plaintiff has sustained injury in fact due to the calls.

47.   Defendant is in the best position to determine and ascertain the exact number and methodology of calls made to Plaintiff.

48.   Plaintiff retained the Law Offices of Consumer Law Attorneys Corp. (hereinafter collectively, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendants, and Plaintiff is obligated to pay his attorney a reasonable fee for their services.

49.   Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

50.  United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any artificial or pre-

recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

51.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## CLASS ACTION ALLEGATIONS

52.  Plaintiff brings Counts One and Two under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Classes defined as follows:

**Count One TCPA Class:**

Subclass (i): All persons in the United States who within the last four years (i) received calls from  Defendant with an artificial or pre-recorded voice without their prior express consent;

Subclass (ii) All persons in the United States who within the last four years requested to be placed on Defendants' internal do not call lists and continued to receive more than one call in a twelve-month period starting 30 days after the request.

Subclass (iii)  All persons in the United States who within the last four years had their telephone numbers registered on the National Do Not Call list and received two or more calls from Defendant within a twelve month period.

**Count Two FCCPA Class**:  All Florida residents to whom Defendants conveyed debt collection information within the last two years after being advised of their representation by counsel.

53.  Plaintiff reserves the right to modify the Class definitions as he obtains further information, including telemarketing call records, through discovery.

54.  Excluded from the Class is Defendant and entities in which Defendant has a controlling interest, its agents and employees, the Judge to whom this action is assigned and any member of

the Judge's staff or immediate family.   This suit seeks only statutory damages and injunctive relief.  It is expressly not intended to allege claims for personal injury or emotional distress.

55.   The proposed Class can be identified through the business and telephone records of Defendant.

56.   The number of Class Members is so numerous that individual joinder of all Class Members is impracticable.

57.   Plaintiff is a member of the proposed Classes.

58.   There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.  Did Defendant call the cell phones of Plaintiff and Class Members through the use of an artificial or per-recorded voice without their prior express consent?

b.  Did Defendant initiate calls to Plaintiffs and Class Members after being requested by Plaintiff and Class Members to be placed on an internal do not call list?

c.  Did Defendant call numbers that were registered on the National Do Not Call List?

d.  Did the aforesaid conduct violate the TCPA?

e.  Did Defendants continue to communicate with Plaintiff and Class Members concerning debt collection after being advised of their representation by counsel?

f.  Did the aforesaid conduct violate the FCCPA?

g.   Did Defendants act willfully so as to entitle Plaintiffs and the Class Members to treble damages?

h.  Should Defendants be enjoined from further unlawful conduct?

59.  Plaintiff's claims are typical of the claims of Class Members.

60.   Plaintiff's interests do not conflict with those of Class Members.   He will fairly and adequately protect interests of Class Members.  He is represented by counsel experienced in class action litigation.

61.   Common questions of law and fact predominate over questions affecting only individual Class Members, and a class action is superior to other methods for the fair and efficient adjudication of this controversy.

62.   The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small due to the time and expense necessary to pursue individual litigation.  Management of these claims in a class action poses no significant impediments.

63.   Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate.   Plaintiff is informed and believe that the TCPA, FDCPA and FCCPA violations complained of herein are likely to continue unless an injunction is entered.

### COUNT ONE (CLASS CLAIM):
### TELEPHONE CONSUMER PROTECTION ACT-
### VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through sixty-four (64) as if fully restated herein and further states as follows:

64.   Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's or the Class Members' prior express consent.   Defendant has also violated the TCPA rules concerning internal do not call lists and the National Do Not Call list by continuing to call Plaintiff after his request to be placed on an internal

do not call list and ignoring his registration on the National Do Not Call List when any consent to be contacted was revoked.

65.  Defendant used an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone multiple  times in its attempt to collect the Debt.

66.  Plaintiff is informed and believes that multiple such calls were made to Class Members.

67.  At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone.  Similarly, Defendant had no consent to call Class Members.

68.   Additionally, if Defendant contends these phone calls were made for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's or Class Members' phones using an APV.

69.  In addition, Defendants violated the TCPA by ignoring the request of Plaintiff and Class Members that calls cease.  They should have been placed on an internal do not call list.

70.  Further, regardless of any alleged prior consent, that consent was revoked when instant the Plaintiff and the Class Members requested that calls cease.

71.  As a direct and proximate result of the aforementioned Defendants' conduct, namely on each of the Debt collection calls made, Plaintiff and Class Members suffered:

        a.       the periodic loss of their Cellular and Telephone service;

        b.       lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

        c.       expenditure of costs and attorney's fees associated with the prosecution  of this matter, along with other damages which have been lost;

    d.       stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.       statutory damages.

Code, Section 1692k.

## COUNT TWO (CLASS CLAIM):
## UNLAWFUL DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

72.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) that they should not communicate with a debtor if they know that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

73.    Specifically, at no time did Defendant have authority to call Plaintiff after the letter of December 10, 2020 and anytime thereafter.    Similarly, Defendant had no authority to communicate with Class Members after they were advised that they were represented by counsel.

74.  Despite the same, Defendant called Plaintiff who was represented by counsel. Plaintiff is informed and believes that it also contacted Class Members after being advised that they were represented by counsel.

14

75.  At all material times herein, Defendant knew of Plaintiff's counsel representation and Class Member's representation when communicated to them.

76.  As such, Defendant knowingly called Plaintiff and Class Members who were represented by counsel.

77.  As a direct and proximate result of Defendants' actions, Plaintiff and Class Members sustained damages as defined by Florida Statutes, Section 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

a.   Judgment against Defendant declaring that Defendant violated the FCCPA;

b.   Judgment against Defendant declaring that Defendant violated the TCPA;

c.   Judgment against Defendant for statutory damages in the amount of $500.00 for each of the telephone calls that violated the TCPA.

d.   Judgment against Defendants for treble statutory damages in the amount of $1,500.00 for each of the telephone calls that violated the TCPA for which Defendant acted knowingly and/or willfully;

e.   Judgment against Defendant for maximum statutory damages for each of the violations of the FCCPA;

f.   Judgment against Defendant for actual damages in an amount to be determined at trial;

g.   Judgment against Defendant for an award of reasonable attorneys' fees and costs;

h.  An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class and any Sub-Classes the Court deems appropriate, finding that Plaintiff is a proper representative for the Class, appointing Plaintiffs' lawyers as Class Counsel; and

i.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant, and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**Consumer Law Attorneys**

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
litigation@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*

P 1
TX Result Report
12/10/2020 16:21
Serial No.   A5AY011020469
TC:   506957

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 6097182655 | 12-10 16:20 | 00:01:04 | 002/002 | OK | |

Note   TMR:Timer TX, PDL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
DPG:Page Separation TX, RTX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PC:PC-FAX, BND:Double-Sided Binding Direction, SP:Special Original,
FCODE:F-code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BOL:Bulletin, SIP:SIP Fax,
IPADR:Ip Address Fax, I-FAX:Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over,
POVR:Receiving page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error,
DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.



CONSUMER LAW
**ATTORNEYS**
2727 Ulmerton Road, Ste. 270, Clearwater, FL 33762
Phone: (877)241-2200 Fax: (727)623-4611

Facsimile Transmittal

Attn: *Ameri Home Mortgage Company, LLC*   Fax: *609-718-2655*

From:  Joshua Pomerantz   Date: *12-10-2020*

Re: *Tracy Andrews*   Pages

☑ Urgent   ☐ For review   ☐ Please   ☐ Please reply   ☐ Please recycle

Notes/Comments:
Please find the following attached: *Authorization Form*

**EXHIBIT A**

CONSUMER LAW
ATTORNEYS

2727 Ulmerton Road, Ste. 270, Clearwater, FL 33762
Phone: (877)241-2200  Fax: (727)623-4611

## Facsimile Transmittal

Attn: *Ameritime Mortgage Company, LLC*     Fax: *609-718-2655*

From:  Joshua Pomerantz     Date: *12-10-2020*

Re: *Tracy Andrews*     Pages

☑ Urgent    ☐ For review    ☐ Please        ☐ Please reply    ☐ Please recycle

---

**Notes/Comments:**

Please find the following attached: *Authorization Form*

**EXHIBIT A**



# CONSUMER LAW
# ATTORNEYS

2727 Ulmerton Road, Ste. 270, Clearwater, FL 33762
Phone: (877)241-2200  Fax: (727) 623-4611

## Authorization Form

**Mortgage Company**: Amerihome Mortgage Company, LLC   **Loan Number**: ███████

RE: TILA Request and Request for Information under Regulation X and Cease and Desist

Dear Sir or Madam,

Please be advised that this firm represents the below referenced clients in the above referenced matter for **ALL** debts serviced by you. All communications regarding all matters serviced by you, including, but not limited to: Requests under the Truth in Lending Act, 15 U.S.C Section § 1601, et seq. ("TILA"), Request under 12 U.S.C 2605 (e) ("RESPA"), Requests under 12 CFR 1024 of Regulation X, Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act of 1991 ("TCPA"), if applicable, Florida Consumer Collection Practices Act ("FCCPA") and all other requests related in any way to any accounts with your company, requests for payment, forbearance or modification questions or offers, discussions regarding status of any other matter whatsoever in connection to the above mentioned mortgage must be made through our office. **You are hereby advised to cease all contacts with our clients immediately. Please direct your responses and all future correspondences solely to this office.**

I authorize you to furnish the requested information regarding my mortgage loan to my attorneys, Consumer Law Attorneys, at their office address as shown below. **I hereby expressly revoke any prior consent I may have given to call me on any/all of my phone numbers on record.** My phone numbers are ███████8928 .

My Designated Agent is          Consumer Law Attorneys          Authorized Agent(s):
Phone: 877-241-2200             2727 Ulmerton Rd Suite 270       All Agents
Fax: 727-623-4611              Clearwater, FL 33762

Property Address: 865 Kingsway Rd Tallahassee, FL  32301

**Borrowers Signature**          **Date** 12/10/2020          **Social Security #** ███████

Tracy Andrews
**Borrowers Printed Name**


**Co-Borrowers Signature**          **Date**          **Social Security #**


**Co-Borrowers Printed Name**

Page | 1          Initials: _____   Initials: _____          CLA-FD-20200729